GANO *v.* GILRUTH.

A court of equity has jurisdiction in a proceeding for dower where an account is prayed.

In Iowa, where dower attaches to legal and equitable interests in land, there would seem to be good reason why courts of law and equity should exercise concurrent jurisdiction in dower cases.

The common law rule that a demurrer reaches back to the first defective pleading, is not applicable to pleadings under the Code.

The fact that the defendant was a *bona fide* innocent purchaser, without notice, is not allowable as a defense to an action of dower.

*Appeal from Scott District Court.*

*Opinion by* GREENE, J. Petition filed by Catharine M. Gano, against James Gilruth, for right of dower in a lot in the the city of Davenport. To this petition the defendant answered that he was a *bona fide* purchaser of said lot without notice of plaintiff's right. Plaintiff's demurrer to this answer was sustained by the court, on the ground that it reached back to the first defective pleading, and accordingly the court dismissed the petition for want of equity.

The petition presents a *prima facie* case for dower; and in praying an account, an adjustment of her third of back

rents and profits, it shows good reason for going into chancery. In this state, where the widow is entitled to dower in land to which her husband acquired an interest, either at law or in equity, there would seem to be good reason why our courts of law and of equity should have concurrent jurisdiction in cases of dower. But chancery powers may especially be invoked in a case like the present. The petition presented a strong *prima facie* case for dower, and an adjustment on account, hence we are not able to discover any reason for the interference of the court, in dismissing the petition for want of equity.

The court below, in its administration of the common law, appears to have lost sight of the Code and its requirements in reference to pleadings. True, at common law the demurrer reaches back to the first defective pleading; but this rule cannot be consistently observed under our Code, in which "Demurrers for formal defects are abolished. Those for substantial defects must set forth the true grounds of objection to the pleadings demurred to;" § 1754. "Upon the determination of any demurrer, the failing party may amend or plead over," &c.; § 1755. The liberal policy of our Code, in allowing amendments and supplemental pleadings, cannot be very well observed if the plaintiffs' are to be so unceremoniously pushed out of court, at the caprice of the court. By the record in this case, it appears that the defendant had interposed no objection to the petition. If it was defective, it furnished good ground of demurrer, in which the defect should be set forth, so as to give the failing party an opportunity to amend.

But in the petition before us, we discover no such defect. The court therefore erred in deciding that pleading to be defective. The court also erred, under the Code, in jumping over defendant's answer, and in arraying plaintiff's demurrer against his own petition. And again, the court erred in dismissing the petition. But in reference to the defendant's answer, the court expresses the "opinion that the plea is not a bar to the plaintiff's action." If the court

had stopped there, and had sustained the demurrer for that cause, we should have indorsed his opinion. Ordinarily an innocent purchaser occupies strong ground; but that defense is not available in an action of dower.

Judgment reversed.

*Smith* and *Corbin*, for appellant.

*Whitaker* and *Grant*, for appellee: